CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
6/11/2021
JULIA C. DUDLEY, CLERK
BY: LOTTIE LUNSFORD
      DEPUTY CLERK

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | :    **Case No.** 1:21CR00034 |
| **CCB NUTRITION, LLC** | : |

## PLEA AGREEMENT

CCB Nutrition, LLC (CCB) agrees to enter into a plea agreement with the United States of America, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

### A. CHARGE(S) TO WHICH CCB IS PLEADING GUILTY AND WAIVER OF RIGHTS

#### 1. The Charges and Potential Punishment

Counsel for CCB has informed it of the nature of the charge(s) and the elements of the charge(s) that must be proved by the United States beyond a reasonable doubt before it could be found guilty as charged.

CCB agrees to plead guilty to an Information, which is a charge brought by the United States Attorney as opposed to one returned by a Grand Jury. CCB is waiving and giving up its right to be charged by Indictment and have a Grand Jury vote on its probable guilt.

CCB will enter a plea of guilty to Count 1 of the Information.

Count 1 charges CCB with introducing an unapproved new drug into interstate commerce with the intent to defraud or mislead, in violation of 21 U.S.C. §§ 331(d), 355, and 333(a)(2). The maximum statutory penalty is a fine of $500,000, pursuant to 18 U.S.C. § 3571(c)(3), and/or probation for a term of five years, pursuant to 18 U.S.C. § 3561)(c)(1).

CCB understands restitution may be ordered, its assets may be subject to forfeiture,

*Defendant's Initials:* JCB

Page 1 of 16

and fees may be imposed to pay for incarceration, supervised release, and costs of prosecution. In addition, a $400 special assessment, pursuant to 18 U.S.C. § 3013, will be imposed per felony count of conviction. CCB further understands its probation may be revoked if it violates any term or condition of probation.

CCB is pleading guilty as described above because is in fact guilty and because it believe it is in its best interest to do so and not because of any threats or promises. There has been no promise made whatsoever by anyone as to what the final disposition of this matter will be.

CCB agrees the facts set forth in the Information are accurate

## 2. Waiver of Constitutional Rights Upon a Plea of Guilty

CCB knowingly waives and gives up these valuable constitutional rights, to the extent they apply to a corporation:

   a. The right to plead not guilty and persist in that plea;
   b. The right to a speedy and public jury trial;
   c. The right to assistance of counsel at that trial and in any subsequent appeal;
   d. The right to remain silent at trial;
   e. The right to testify at trial;
   f. The right to confront and cross-examine witnesses called by the government;
   g. The right to present evidence and witnesses on its own behalf;
   h. The right to compulsory process of the court;
   i. The right to compel the attendance of witnesses at trial;
   j. The right to be presumed innocent;
   k. The right to a unanimous guilty verdict; and
   l. The right to appeal a guilty verdict.

## B. SENTENCING PROVISIONS

### 1. General Matters

CCB understands the determination of what sentence should be imposed, within the confines of any applicable statutory minimums and maximums, is in the sole discretion of the Court subject to its consideration of the United States Sentencing Guidelines ("guidelines" or "U.S.S.G") and the factors set forth at 18 U.S.C. § 3553(a). CCB

*Defendant's Initials:* JCB

understands it will have an opportunity to review a copy of its presentence report in advance of its sentencing hearing and may file objections, as appropriate. CCB will have an opportunity at its sentencing hearing to present evidence, bring witnesses, cross-examine any witnesses the government calls to testify, and argue to the Court what an appropriate sentence should be within the confines of the terms of this agreement.

CCB understands it will not be eligible for parole during any term of imprisonment imposed. CCB understands the Court is not bound by any recommendation or stipulation contained in this agreement and may sentence it up to the statutory maximum. CCB understands it will not be allowed to withdraw its plea of guilty if the Court disregards the stipulations and/or recommendations set forth in the plea agreement.

CCB understands if the sentence is more severe than it expected, it will have no right to withdraw its plea.

## 2. Sentencing Guidelines

CCB stipulates and agree that all matters pertaining to any of the counts of the charging document(s), including any dismissed counts, are relevant conduct for purposes of sentencing.

The parties agree the 2018 edition of the United States Sentencing Guidelines Manual applies to any guidelines calculation made pertaining to CCB's offense(s). The United States and CCB stipulate that the following guideline section(s) are applicable to its conduct:

| 2B1.1(a)(2) | 6 | Base Offense Level |
|---|---|---|
| 2B1.1(b)(1)(G) | + 12 | Loss More Than $250,000 and Not More Than $550,000 |
| 2B1.1(b)(16) | + 2 | Conscious or Reckless Risk of Death or Serious Bodily Injury |

CCB understands the Court or probation officer may determine that other guideline sections may be applicable to its case, but the United States and CCB agree to recommend that no other guideline sections apply to CCB's conduct with the exception of a reduction for acceptance of responsibility, if applicable, as set forth below.

CCB agrees to accept responsibility for its conduct. If CCB complies with its obligations under this plea agreement and accepts responsibility for its conduct, the United

*Defendant's Initials:* JCB

States will recommend the Court grant CCB a one level reduction in its culpability score pursuant to U.S.S.G. § 8C2.5(g)(3) for clearly demonstrating recognition and affirmative acceptance of responsibility for its criminal conduct.

### 3. Substantial Assistance

CCB understands the United States retains all of its rights pursuant to Fed. R. Crim. P. 35(b), U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e). CCB understands even if CCB fully cooperates with law enforcement, the United States is under no obligation to make a motion for the reduction of its sentence. CCB understands if the United States makes a motion for a reduction in its sentence, the Court, after hearing the evidence, will determine how much of a departure, if any, CCB should be given. THIS PROVISION IS DESIGNED TO PROTECT THE UNITED STATES AND IS INCLUDED IN PLEA AGREEMENTS IN THE WESTERN DISTRICT OF VIRGINIA EVEN IF A DEFENDANT IS NOT COOPERATING.

### 4. Monetary Obligations

#### a. Special Assessments, Fines and Restitution

CCB understands corporations convicted of crimes are required to pay a mandatory assessment of $400.00 per felony count of conviction. CCB agrees it will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" for the total amount due for mandatory assessments prior to entering its plea of guilty.

CCB agrees to pay restitution for the entire scope of its criminal conduct, including, but not limited to, all matters included as relevant conduct. In addition, CCB agrees to pay any restitution required by law, including, but not limited to, amounts due pursuant to 18 USC §§ 2259, 3663, and/or 3663A. CCB understands and agrees a requirement CCB pay restitution for all of the above-stated matters will be imposed upon it as part of any final judgment in this matter.

CCB further agrees to make good faith efforts toward payment of all mandatory assessments, restitution and fines, with whatever means CCB has at its disposal. CCB agrees failure to do so will constitute a violation of this agreement. CCB will execute any documents necessary to release the funds CCB has in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment

*Defendant's Initials:* JCB

toward the mandatory assessments, restitution and fines imposed in its case.

CCB fully understands restitution and forfeiture are separate financial obligations which may be imposed upon a criminal defendant. CCB further understands there is a process within the Department of Justice whereby, in certain circumstances, forfeited funds may be applied to restitution obligations. CCB understands no one has made any promises to it that such a process will result in a decrease in its restitution obligations in this case.

CCB understands and agree, pursuant to 18 U.S.C. §§ 3613 and 3664(m), whatever monetary penalties are imposed by the Court will be (i) due immediately and subject to immediate enforcement by the United States as provided for by 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant may be offset and applied to federal debts but will not affect the periodic payment schedule. CCB further understands if the Court imposes a schedule of payments, that schedule is only a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

CCB agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

CCB expressly authorizes the United States Attorney's Office to obtain a credit report on it in order to evaluate its ability to satisfy any financial obligation imposed by the Court.

CCB agrees the following provisions, or words of similar effect, should be included as conditions of probation: (1) "The defendant shall notify the Financial Litigation Unit, United States Attorney's Office, in writing, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until all fines, restitution, money judgments and monetary assessments are paid in full" and (2) "The Defendant shall notify the Financial Litigation Unit, United States Attorney's Office, in writing, at least 30 days prior to transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations until all fines, restitution, money judgments and monetary assessments are paid in full."

*Defendant's Initials:* JCB

The parties will also jointly recommend that as a condition of probation, Defendant will notify the Financial Litigation Unit, United States Attorney's Office, before Defendant transfers any interest in property owned directly or indirectly by Defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. See 18 U.S.C. § 3664(k), (n).

CCB agrees any payments made by it shall be applied fully to the non-joint and several portion of its outstanding restitution balance until the non-joint and several portion of restitution is paid in full, unless the Court determines that to do so would cause a hardship to a victim of the offense(s).

### b. Duty to Make Financial Disclosures

CCB understands in this case there is a possibility substantial fines and/or restitution may be imposed. CCB agrees, if requested by the United States, to provide a complete and truthful financial statement to the United States Attorney's Office, within 30 days of the request or 3 days prior to sentencing, whichever is earlier, detailing all income, expenditures, assets, liabilities, gifts and conveyances by CCB for the period starting on January 1st of the year prior to the year its offense began and continuing through the date of the statement. This financial statement shall be submitted in a form acceptable to the United States Attorney's office.

From the time of the signing of this agreement or the date CCB signs the financial statement, whichever is earlier, CCB agrees not to convey anything of value to any person or entity without the authorization of the United States Attorney's Office.

### c. Understanding of Collection Matters

CCB understands:

1. as part of the judgment in this case CCB will be ordered to pay one or more monetary obligations;
2. payment should be made as ordered by the Court;
3. CCB must mail payments, by cashier's check or money order, payable to the "Clerk, U.S. District Court" to: 210 Franklin Road, S.W., Suite 540, Roanoke, Virginia 24011; and include its name and court number on the check or money order;

*Defendant's Initials:* JCB

4. interest (unless waived by the Court) and penalties must be imposed for late or missed payments;
5. the United States may file liens on CCB's real and personal property that will remain in place until monetary obligations are paid in full, or until liens expire (the later of 20 years from date of sentencing or release from incarceration);
6. if CCB retains counsel to represent me regarding the United States' efforts to collect any of its monetary obligations, CCB will immediately notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of its legal representation; and
7. CCB, or its attorney if an attorney will represent it regarding collection of monetary obligations, can contact the U.S. Attorney's Office's Financial Litigation Unit at 540/857-2259.

## C. **FORFEITURE**

CCB agrees to the forfeiture of the assets set forth in this section on the grounds set forth in the Order of Forfeiture. CCB agrees this Order of Forfeiture shall be entered by the Court and shall be final at the time CCB enters its plea. To the extent necessary, CCB waives notice of forfeiture as to any asset CCB has agreed to forfeit and waives oral pronouncement at sentencing.

CCB agrees to a forfeiture money judgment in the sum of $150,000, jointly and severally with James Chadwick Brooks. CCB agrees funds in the sum of $75,000 will be remitted to the United States before the entry of its guilty plea and the remaining $75,000 will be remitted on or before October 15, 2021, in full satisfaction of the forfeiture money judgment. CCB understands that these funds must be remitted in the form of certified funds made payable to the U.S. Marshal's Service and are to be remitted to the U.S. Attorney's Office. Once the payment of the $150,000.00 has been timely paid, the United States Attorney's Office will enter a notice of satisfaction of judgment on the docket of this case and no further forfeiture obligation will exist at that point. CCB agrees any funds paid toward forfeiture will not be returned under any circumstances.

CCB also agrees to the forfeiture of all items seized by law enforcement during the investigation, including, but not limited to, equipment seized from the business. CCB certifies that no other person or entity, other than co-defendant James Chadwick Brooks has any interest in any of the items seized.

*Defendant's Initials:* JCB

CCB agrees to cooperate fully in the forfeiture of the property to be forfeited. If applicable, CCB agrees to withdraw any existing claims and/or agrees not to file any claims in any administrative or civil forfeiture proceeding relating to assets seized as part of this investigation and not otherwise named herein. CCB agrees to execute all documents, stipulations, consent judgments, court orders, bills of sale, deeds, affidavits of title, and the like, which are reasonably necessary to pass clear title to the United States or otherwise effectuate forfeiture of the property. CCB further agrees to fully cooperate and provide truthful testimony on behalf of the United States in any legal action necessary to perfect the United States' interest, including but not limited to any ancillary hearing in this criminal action or in any civil litigation.

CCB further agrees to assist in identifying, locating, returning, and forfeiting all forfeitable assets, including the known assets of other persons.

CCB further agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive it, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if CCB had survived, and that determination shall be binding upon its heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires CCB to disgorge wrongfully obtained criminal proceeds, CCB agrees that the forfeiture is primarily remedial in nature.

CCB understands and agrees that forfeiture of this property is proportionate to the degree and nature of the offense committed by it. CCB freely and knowingly waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. CCB further understands and agrees this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any penalty that may be imposed by the Court.

CCB understands and agrees that any monetary sum(s) the United States has agreed to release will be less any debt owed to the United States, any agency of the United States, or any other debt in which the United States is authorized to collect.

CCB hereby releases and forever discharges the United States, its officers, agents, servants and employees, its heirs, successors, or assigns, from any and all actions, causes

*Defendant's Initials:* JCB

of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which CCB ever had, now have, or may have in the future in connection with the seizure, detention and forfeiture of the described assets.

## D. ADDITIONAL MATTERS

### 1. Waiver of Presence of Counsel

CCB understands its attorney may be present at any contact between CCB personnel and any government personnel. However, by its signature below, CCB expressly waives the presence of counsel during such contacts and agrees government personnel may contact CCB personnel without the prior approval of its attorney. At any time during such contacts with government personnel, CCB personnel may request the presence of CCB's attorney and the contact will be suspended until its attorney arrives or indicates that the contact may continue.

### 2. Waiver of Right to Appeal

Knowing that CCB has a right of direct appeal of its sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, CCB expressly waives the right to appeal its sentence on those grounds or on any ground. In addition, CCB hereby waives its right of appeal as to any and all other issues in this matter and agrees CCB will not file a notice of appeal. CCB is knowingly and voluntarily waiving any right to appeal. By signing this agreement, CCB is explicitly and irrevocably directing its attorney not to file a notice of appeal. *Notwithstanding any other language to the contrary, CCB is not waiving its right to appeal or to have its attorney file a notice of appeal, as to any issue which cannot be waived, by law.* CCB understands the United States expressly reserves all of its rights to appeal. **CCB agrees and understands if CCB files any court document (except for an appeal based on an issue that cannot be waived, by law, or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in its case such action shall constitute a failure to comply with a provision of this agreement.**

### 3. Waiver of Right to Collaterally Attack

CCB waives any right it may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel, and agrees CCB will not file any document which seeks to disturb any such order,

*Defendant's Initials:* JCB

unless such filing is based on ineffective assistance of counsel. **CCB agrees and understands that if CCB files any court document (except for an appeal based on an issue not otherwise waived in this agreement; an appeal based on an issue that cannot be waived, by law; or a collateral attack based on ineffective assistance of counsel) seeking to disturb, in any way, any order imposed in its case, such action shall constitute a failure to comply with a provision of this agreement.**

### 4. Agreement Concerning Dietary Supplements

CCB agrees it will play no role in the manufacture, sale, or distribution of any product (a) containing any ingredient listed on the FDA's Dietary Supplement Ingredient Advisory List or (b) that is represented to be a dietary supplement when, in fact, it is not. CCB agrees a condition of probation to this effect should be included in the judgment and conviction order.

### 5. Information Access Waiver

CCB knowingly and voluntarily agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

### 6. Waiver of Witness Fee

CCB agrees to waive all rights, claims or interest in any witness fee CCB may be eligible to receive pursuant to 28 U.S.C. § 1821, for its appearance at any Grand Jury, witness conference or court proceeding.

### 7. Abandonment of Seized Items

By signing this plea agreement, CCB hereby abandons its interest in, and consents to the official use, destruction or other disposition of each item obtained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another provision of this plea agreement. CCB further waives any and all notice of any proceeding to implement the official use, destruction, abandonment, or other disposition of such items.

*Defendant's Initials:* JCB

## 8. Admissibility of Statements

CCB understands if CCB fails to plead guilty in accordance with this agreement or withdraw its plea(s) of guilty any statements CCB makes (including this plea agreement, and its admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements CCB makes or has made to law enforcement agents, in any setting (including during a proffer), may be used against it in this or any other proceeding. CCB knowingly waives any right CCB may have under the Constitution, any statute, rule or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence and stipulate that such statements can be admitted into evidence.

## 9. Additional Obligations

CCB agrees to cooperate fully with law enforcement agents and will disclose to them, at any time requested by them, its knowledge of any criminal activity.

CCB agrees not to commit any of the following acts:

- attempt to withdraw its guilty plea;
- deny CCB committed any crime to which CCB has pled guilty;
- make or adopt any arguments or objections to the presentence report that are inconsistent with this plea agreement;
- obstruct justice;
- fail to comply with any provision of this plea agreement;
- commit any other crime;
- make a false statement;
- fail to enter its plea of guilty when scheduled to do so, unless a continuance is agreed to by the United States Attorney's Office and granted by the Court;
- fail to testify truthfully, as to any matter, if called upon to do so (at its sentencing hearing or any other proceeding);
- refuse to answer any question except as to privileged communications with its lawyers;
- fail to comply with any reasonable request of the United States Attorney's Office; or
- fail to cooperate with law enforcement agents.

*Defendant's Initials:* JCB

### E. REMEDIES AVAILABLE TO THE UNITED STATES

CCB hereby stipulates and agrees that the United States Attorney's office may, at its election, pursue any or all of the following remedies if CCB fails to comply with any provision of this agreement: (a) declare this plea agreement void; (b) refuse to dismiss any charges; (c) reinstate any dismissed charges; (d) file new charges; (e) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (f) refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement; or (g) take any other action provided for under this agreement or by statute, regulation or court rule.

In addition, CCB agrees if, for any reason, its conviction is set aside, or CCB fails to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against it which were filed and/or could have been filed concerning the matters involved in the instant investigation. CCB hereby waive its right under Federal Rule of Criminal Procedure 7 to be proceeded against by indictment and consents to the filing of an information against it concerning any such charges. CCB also hereby waives any statute of limitations defense as to any such charges.

The remedies set forth above are cumulative and not mutually exclusive. The United States' election of any of these remedies, other than declaring this plea agreement void, does not, in any way, terminate CCB's obligation to comply with the terms of the plea agreement. The use of "if" in this section does not mean "if, and only if."

### F. GENERAL PROVISIONS

#### 1. Limitation of Agreement

This agreement only binds the United States Attorney's Office for the Western District of Virginia and the United States Department of Justice, Consumer Protection Branch. It does not bind any state or local prosecutor, other United States Attorney's Office or other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, or the Internal Revenue Service of the United States Department of the Treasury. These individuals and agencies remain free to prosecute me for any offense(s) committed within their respective jurisdictions.

*Defendant's Initials:* JCB

## 2. Effect of My Signature

CCB understands its signature on this agreement constitutes a binding offer by it to enter into this agreement. CCB understands the United States has not accepted its offer until it signs the agreement.

## 3. Effective Representation

CCB has discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against me with its attorney and is fully satisfied with its attorney and its attorney's advice. At this time, CCB has no dissatisfaction or complaint with its attorney's representation. CCB agree to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint CCB may have with its attorney's representation.

## 4. Misconduct

If CCB has any information concerning any conduct of any government attorney, agent, employee, or contractor which could be construed as misconduct or an ethical, civil, or criminal violation, CCB agrees to make such conduct known to the United States Attorney's Office and the Court, in writing, as soon as possible, but no later than its sentencing hearing.

## 5. Final Matters

CCB understands a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into consideration. CCB understands any calculation regarding the guidelines by the United States Attorney's Office or by its attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by anyone regarding the effect of the guidelines on CCB's case.

CCB understands the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and make any recommendations not prohibited by this agreement.

CCB understands the United States retains the right, notwithstanding any provision

*Defendant's Initials:* JCB

in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

CCB willingly stipulates there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which CCB is pleading guilty.

CCB understands this agreement does not apply to any crimes or charges not addressed in this agreement.

CCB understands its attorney will be free to argue any mitigating factors on its behalf; to the extent they are not inconsistent with the terms of this agreement. CCB understands CCB will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States Attorney for the Western District of Virginia and CCB, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and CCB.

CCB has consulted with its attorney and fully understands all its rights. CCB has read this plea agreement and carefully reviewed every part of it with its attorney. CCB understands this agreement and CCB voluntarily agrees to it. CCB has not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for its plea of guilty. Being aware of all of the possible consequences of its plea, CCB has independently decided to enter this plea of its own free will, and is affirming that agreement on this date and by the signature of its authorized representative below.

The Authorized Corporate Officer, by his signature below, hereby certifies to the following:

    1. He has read the entire Plea Agreement and documents referenced herein and

*Defendant's Initials:* _JCB_

discussed them with CCB's owners;
2. CCB understands all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations;
3. CCB is fully satisfied with CCB's attorneys' representation during all phases of this case;
4. CCB is freely and voluntarily pleading guilty in this case;
5. CCB is pleading guilty as set forth in this Plea Agreement because it is guilty of the crimes to which it is entering its pleas of guilty;
6. CCB acknowledges its acceptance of this Plea Agreement by the signature of its counsel and Authorized Corporate Officer. A copy of a certification by CCB's Board of Directors authorizing the Authorized Corporate Officer to execute this Plea Agreement and all other documents to resolve this matter on behalf of CCB is attached.

Date: _____          _____
                                        **Authorized Corporate Officer of**
                                        **CCB Nutrition, LLC**

    I have fully explained all rights available to my client with respect to the offense listed in the pending charging document. I have carefully reviewed every part of this plea agreement with my client. To its knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

    I understand I may be present at any contact with my client by any government personnel. However, by my signature below, I expressly consent to direct contact with my client, without my prior approval, by government personnel, including but not limited to, in regard to the collection of monetary amounts owed in this and all related matters. At any time during such contacts with government personnel, my client may request my presence and the contact will be suspended until I arrive or indicate that the contact may continue.

    If I will continue to represent my client regarding the United States' efforts to collect any monetary obligations, I will notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my continued legal representation within 10 days of the entry of judgment in this case.

*Defendant's Initials:* JCB

Date: 6/4/21

_____
Carl Lietz, Esq.
Counsel for Defendant

Date: 6/4/21

_____
Arthur W. Leach, Esq.
Counsel for Defendant

w/ express permission by wcl

Date: 6/10/2021

_____
Randy Ramseyer
Assistant United States Attorney
Virginia Bar No. 33837

Date: 6/10/2021

_____
Speare Hodges
Trial Attorney
Consumer Protection Branch
United States Department of Justice

Defendant's Initials: JCB